UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. _____

UNITED STATES OF AMERICA,

          Plaintiff,

v.

ONE 2007 CHEVROLET K1500
SUBURBAN, VIN
3GNFK16377G242177,

          Defendant.

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The plaintiff, United States of America, through its attorneys Andrew M. Luger, United States Attorney for the District of Minnesota, and James S. Alexander, Assistant United States Attorney, in a civil cause of action for forfeiture, alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America one 2007 Chevrolet K1500 Suburban, VIN 3GNFK16377G242177 ("the Defendant vehicle" or "Defendant *in rem*") for violations of 21 U.S.C. § 841 *et seq.*

**THE DEFENDANT *IN REM***

2. The Defendant *in rem* is one 2007 Chevrolet K1500 Suburban, VIN 3GNFK16377G242177, seized in Roseville, Minnesota on December 21, 2014. The Defendant *in rem* is in the custody of the United States Marshals Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant vehicle. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant vehicle under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the Plaintiff requests that the Clerk of Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the Defendant vehicle pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred at least in part in this District, and pursuant to 28 U.S.C. § 1395 because the Defendant vehicle is located in this District.

## FACTS

6. On July 28, 2014, St. Paul Police narcotics officers received information from a confidential reliable informant concerning a 55 year-old individual nicknamed "L.O.," who was selling large amounts of cocaine in and around St. Paul, Minnesota.

7. "L.O." was subsequently identified as Lester Owens ("Owens"), who lives in a mobile home on Lexington Avenue in Roseville, Minnesota.

8.     On August 12, 2012, Roseville Police were called to the scene of a verbal domestic dispute involving Owens and Tanisha Langford ("Langford"). Langford reported that Owens deals "dope" and had been driving around earlier with a bunch of dope in a shopping bag.

9.     On August 5, 2014, Owens was arrested by St. Paul Police for possession of cocaine with intent to sell, after a golf ball sized clear plastic baggie of suspected cocaine was found in his front right pants pocket. The substance subsequently tested positive for the presence of cocaine.

10.    On October 14, 2014 a buy / walk of suspected narcotics was conducted involving Owens. A confidential reliable informant (CRI) was provided with buy money by St. Paul Police officers. The CRI arranged to purchase narcotics from Owens through a middle man, who was not aware that a controlled buy was being made. The middle man met with Owens in the parking lot of Ol' Mexico restaurant, and obtained a quantity of a suspected controlled substance. The controlled substance was later delivered to the St. Paul Police by the CRI.

11.    After the controlled buy was conducted, a GPS order was signed authorizing the placement of a GPS device on Owens' vehicle, Minnesota plate 754 JPD.

12.    In early November 2014, Owens was tracked via the GPS device driving to Chicago, Illinois, where he stayed for less than twenty minutes, and then drove directly back to his mobile home on Lexington Avenue, in Roseville, Minnesota.

13. On December 10, 2014, a GPS ping order was obtained for a cell phone known to be utilized by Owens.

14. On December 21, 2014, GPS data indicated that Owens left his Minnesota residence at approximately 2:52 a.m. Owens was tracked to Crystal Street West in Chicago, Illinois, arriving at approximately 9:28 a.m.

15. It is alleged and believed that Owens traveled to Chicago to purchase narcotics.

16. Surveillance was set up during the afternoon and evening of December 21, 2014, to monitor Owens' return to Minnesota.

17. At approximately 8:15 p.m., an SUV with North Dakota license plates, i.e. the Defendant vehicle, entered the area near Owens' residence on Lexington Avenue in Roseville, Minnesota.

18. An individual was observed getting out of the SUV, leaving the SUV running, and walking toward Owens' residence. The male left the residence a short time later and returned to the SUV.

19. The SUV was a 2007 Chevrolet K1500 Suburban, i.e. the Defendant vehicle.

20. The Defendant vehicle was subsequently stopped in the vicinity of Hamline Avenue and County Road C, in Roseville, Minnesota, after a traffic violation was observed. Owens stated that the vehicle he was driving was a friend's vehicle. Owens

stated that the vehicle was registered to a male party, but that the male party had purchased the vehicle for his girlfriend.

21. Minnesota State Trooper Michael Flanagan used his canine partner "Layka" to conduct a canine sniff of the vehicle. Layka is a certified narcotics canine, trained to detect the base odors and derivatives of cocaine, marijuana, methamphetamine, heroin, and psilocybin. Low at the front passenger side door, Layka's respirations became rapid and deep, and her body posture rigid, which is how Layka alerts to an odor she is trained to detect. Layka also alerted at the driver's door. Layka was placed inside the vehicle, and immediately began to alert, sticking her head into the front passenger's foot well, then working high into the dash area.

22. Trooper Flanagan observed that the area directly above the radio at the headliner had been tampered with. The plastic molding appeared to have been removed and replaced several times.

23. The plastic cover was removed, and a clear plastic baggy was found containing a substance that appeared to be crack cocaine.

24. The Defendant vehicle was towed to the Roseville Police station, where a further search was conducted. A larger quantity of cocaine was located under the dash of the Defendant vehicle, at the center console.

25. The narcotics seized from the Defendant vehicle included approximately 53.11 grams of crack cocaine, and approximately 119.76 grams of cocaine.

26.     At approximately 9:00 p.m. on December 21, 2014, a search warrant was executed at Owens' residence on Lexington Avenue in Roseville, Minnesota. Various items were recovered during the execution of the search warrant including the following:

   a. A digital scale with residue found in a kitchen cabinet;

   b. A plastic cutter with residue found in the kitchen cabinet;

   c. 16 money gram receipts;

   d. Miscellaneous jewelry found in a kitchen cabinet; and

   e. 5 bundles of U.S. currency were found inside a stereo speaker, one wrapped in black fabric.

27.     Owens was later interviewed and stated, among other things, "I'm just gonna be honest man I bought the dope." Owens claimed he only went to Chicago to buy Christmas gifts at a swap meet.

## BASIS FOR FORFEITURE

28.     The allegations in paragraphs 1 through 27 of this Complaint are realleged and incorporated by reference.

29.     The Defendant *in rem* is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because the Defendant *in rem* was used to facilitate the transportation, sale receipt, possession or concealment of controlled substances, in violation of the Controlled Substances Act.

**CLAIM FOR RELIEF**

30. The plaintiff requests that the Court issue a warrant for the arrest and seizure of the Defendant *in rem*, that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant *in rem*, that the Defendant *in rem* be forfeited and condemned to the United States of America, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as this Court deems proper and just.

Dated:  June 8, 2015

ANDREW M. LUGER
United States Attorney

s/ James S. Alexander
BY: JAMES S. ALEXANDER
Assistant U.S. Attorney
Attorney ID No. 166145
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415
(612) 664-5600
Jim.Alexander@usdoj.gov

## VERIFICATION

I, Paul A. Ford, hereby verify and declare under penalty of perjury as follows:

I am a Task Force Office with the U.S. Drug Enforcement Administration. I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and the matters contained in the Verified Complaint are true to my own knowledge, except that those matters not within my knowledge are alleged on information and belief, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information provided to me by other law enforcement agencies and officers, and information I have learned by reviewing reports prepared by other law enforcement agencies and officers, as well as my investigation of this case, together with others, as a Task Force Office with the U.S. Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 8, 2015                                    s/ Paul A. Ford
                                                        PAUL A. FORD
                                                        Task Force Officer
                                                        U.S. Drug Enforcement Administration